It appears that evidence on this point was met by objections and exceptions, and, further, that the complaint was not amended so as to conform to the pleadings. The items which go to constitute this amount were not included in the pleading:

"Securing right of way, building bridges, purchasing tools, machinery, employing engineer, building storage buildings, and materials damaged and destroyed, and in the expending of moneys in preparing crushed stone."

And so they would not, for example, include the specific item of $340 testified to by the plaintiff as the cost of building a piece of road. I think that the defendant, under the provisions of this contract, had a right to suspend or to terminate the contract, while the provision was that in such event the plaintiffs should recover for the work done. I think that the plaintiffs are not entitled to recover for these specific items on the theory that it is work done, for such items covered material or instruments for the doing of work. Under the terms of the contract the plaintiffs were bound to contemplate the possibility of the termination of the contract whenever the defendant's officers deemed it for the best interests of the village; and, as they were thereby relegated to recover for work done, they cannot recover for the materials brought to hand or the instruments procured for the doing of the work. If any of the material, tools, etc., were taken or kept by the defendant, then the plaintiffs might recover on the theory of a conversion. For these reasons, I think that these items should be excluded from the case under the present pleadings in any event, without prejudice, however, to the plaintiffs to recover by conversion or appropriate action for the material or tools, etc., which they assert they left upon the premises and which they were prevented from taking away. I think that interest cannot be allowed (Beckwith v. City of New York, 121 App. Div. 465, 106 N. Y. Supp. 175; Excelsior Terra Cotta Co. v. Harde, 181 N. Y. 12, 73 N. E. 494, 106 Am. St. Rep. 493, and Sweeny v. City of New York, 173 N. Y. 417, 66 N. E. 101), for interest is only allowance in a case like this, where the amount due to the plaintiffs under their demand was merely a matter of computation.

The judgment is reversed and a new trial granted, costs to abide the event, unless the plaintiffs within 20 days shall consent to reduce the sum to $1,247, with costs and interest from the time of the entry of the judgment, in which event the judgment as modified is affirmed, without the costs of this appeal to either party. All concur.

---

## ZWICKERT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

FALSE IMPRISONMENT—GROUNDS OF LIABILITY.

A defendant in an action for false imprisonment is not liable, unless it took some part in bringing about the arrest in question; and where there is no question as to the illegality of the arrest, but the issue is on defendant's connection therewith, an instruction that, if defendant makes no claim that there was any crime committed by plaintiff, the simple question is whether there was or was not an imprisonment and restraint of plaintiff's person, is erroneous.

Appeal from Trial Term, Kings County.

Action by Herman Zwickert against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

D. A. Marsh, for appellant.

William A. McQuaid, for respondent.

RICH, J. Plaintiff has recovered a judgment against defendant for false arrest and imprisonment. It conclusively appeared upon the trial that plaintiff had committed no crime and that his arrest was illegal and unjust. The question litigated was whether the arrest was caused by defendant. Clearly the defendant was not liable for the arrest unless it took some part in bringing it about, and, while this was the real question of fact to be presented to the jury, the trial justice charged at the request of plaintiff's counsel:

"That if the defendant makes no claim that there was any crime committed by this plaintiff, the simple question for the jury to determine is whether there was or was not an imprisonment and restraint of the person of the plaintiff."

The effect of this charge was to take from the consideration of the jury the question whether the defendant was responsible for the arrest. This charge was erroneous, and the judgment and order must be reversed, with costs.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.